UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cr-80078-Damian/Matthewman

UNITED STATES OF AMERICA,

v.

DEANDRE WATTS JR.,

    Defendant.
_____/

FILED BY   SW   D.C.

Sep 16, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOLLOWING CHANGE OF PLEA HEARING

THIS CAUSE is before the Court upon Order of Reference from the Honorable United States District Judge Melissa Damian, DE 33, and the consent of the parties for a United States Magistrate Judge to conduct the change of plea hearing and accept a guilty plea for Defendant, Deandre Watts Jr. ("Defendant"). The Court held a change of plea hearing in open Court on September 16, 2025, which was attended by Defendant, his counsel, M. Caroline McCrae, Esq., and Assistant United States Attorney, Katie L. Sadlo, Esq. The Court hereby advises, finds and recommends as follows:

The Court advised Defendant of his right to have the hearing conducted by the presiding U.S. District Judge assigned to the case. The Court also advised Defendant that the undersigned U.S. Magistrate Judge was conducting the change of plea hearing and taking Defendant's plea of guilty by Order of Reference from the U.S. District Judge and as agreed to by Defendant, Defendant's attorney, and the Assistant U.S. Attorney assigned to this case. The Court further advised Defendant that his sentence would be imposed by the presiding U.S. District Judge,

who would make all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time set by the U.S. District Judge.

1. The Court advised Defendant that he did not have to consent to the Undersigned conducting this hearing or taking his guilty plea and could require that the change of plea hearing be conducted by the U.S. District Judge. Defendant, Defendant's attorney, and the Assistant U.S. Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing and taking Defendant's guilty plea.

2. The Court then conducted a plea colloquy in accordance with the outline set forth in the Bench Book for U.S. District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

3. This Court also made certain that Defendant was aware of the charge listed in the Indictment and the maximum sentence which could be imposed in this case pursuant to the sentencing guidelines and applicable statutes.

4. No written plea agreement has been entered into by the parties in this case. Instead, Defendant pled guilty to the sole count in the Indictment.

5. The Court repeatedly explained to Defendant that the Government was not making any recommendations, promises, or assurances in exchange for the guilty plea.[1]

---

[1] Defense counsel Ms. McCrae represented in open court that she had independently and unilaterally reached an agreement with the State of Florida regarding Defendant's state charges. That separate state court agreement is assertedly contingent upon Defendant entering a guilty plea in this federal case and Defendant agreeing to an upward variance to 60 months' imprisonment in this federal case. The Government prosecutor, Ms. Sadlo, explained on the record that the United States has not agreed, and was not agreeing, to take any action in Defendant's state case and that the United States has not agreed, and was not agreeing, that the Defendant's plea in this federal case is contingent on any state court agreement or upon any action which may be taken by the State of Florida. The Court explicitly advised Defendant that the United States is making no recommendations, promises, or assurances of any kind to Defendant in this federal case and that Defendant is pleading straight up to the Indictment without any plea agreement or Government recommendations, promises, or assurances of any kind.

6. An Acknowledgement of Offense Elements and Stipulation as to Factual Basis for Guilty Plea [DE 35] was signed by Defendant, defense counsel, and the Government. The Acknowledgement of Offense Elements and Stipulation as to Factual Basis for Guilty Plea, as orally supplemented by the prosecutor at the change of plea hearing, includes all of the essential elements of and factual support for the offense to which Defendant pled guilty. Defendant acknowledged that the written proffer and oral proffer were true and correct.

7. Defendant acknowledged that he was fully satisfied with the services of his attorney M. Caroline McCrae, and that he had full opportunity to discuss all facets of his case with his attorney. He also privately conferred with his counsel during the hearing.

8. Defendant knowingly and voluntarily with the advice of competent counsel pled guilty to the sole count in the Indictment. The sole count of the Indictment charges Defendant with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C § 922(g)(1). [DE 17].

9. Defendant has been referred to the U.S. Probation Office for the preparation of a pre-sentence investigation report.

Accordingly, based upon the foregoing and the plea colloquy conducted by this Court, the Undersigned

FINDS and RECOMMENDS that Defendant, Deandre Watts, Jr., (1) be found to have freely, knowingly, and voluntarily entered a guilty plea to the sole count of the Indictment, (2) that his guilty plea be accepted, (3) that he be adjudicated guilty of the offense, and (4) that a sentencing hearing as scheduled by the U.S. District Judge be conducted for a final disposition of this matter.

### NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Melissa Damian. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND RECOMMENDED** in Chambers at West Palm Beach in the Southern District of Florida, this 16th day of September 2025.

_____
WILLIAM MATTHEWMAN
Chief United States Magistrate